UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 07 CR 228 -**2** |
| | ) | Hon. William J. Hibbler |
| ANTONIO LOPEZ-POPOCA | ) | |

PROTECTIVE ORDER TO PRESERVE
PROPERTY SUBJECT TO FORFEITURE

This matter comes before the Court on the application of the United States for entry of an order allowing the Government to maintain custody of certain property to preserve the property for forfeiture, and the Court being fully advised finds as follows:

(a) On April 20, 2007, law enforcement agents of the Drug Enforcement Administration ("DEA") seized various assets from ANTONIO LOPEZ-POPOCA, including, $12,302 recovered from 4206 N. Moody, Chicago, Illinois;

(b) Written notice of the DEA's intention to forfeit the foregoing funds was sent to all interested parties, as required by Title 18, United States Code, Section 983(a)(1)(A);

(c) On May 10, 2007, an indictment was returned charging the defendant ANTONIO LOPEZ-POPOCA, and others, with violations of Controlled Substances Act pursuant to the provisions of 21 U.S.C. §§ 846 and 841(a)(1), among other violations. The indictment sought forfeiture of certain property including the foregoing funds, because there is probable cause to believe that this property constitutes proceeds of the defendant's narcotics trafficking activities or property that was used or intended to be used to facilitate the defendant's narcotics trafficking activities;

(d)     On May 25, 2007 and June 6, 2007, ANTONIO LOPEZ-POPOCA and his wife Juana Lopez filed claims to contest DEA's administrative forfeiture of a portion of the seized funds. On On June 15, 2007, DEA referred the case to the United States Attorney's Office;

(e)     Pursuant Title 18, United States Code, Section 983(C), which states in part...

> In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in the indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession shall be governed by the applicable criminal forfeiture statute;

(f)     Because the indictment was returned seeking the forfeiture of the property that constitutes proceeds of the defendant's narcotics trafficking activities or was used or intended to be used to facilitate the defendant's narcotics trafficking activities, it has been determined that the United States intends to proceed against the funds pursuant to the provisions of 21 U.S.C. § 853, in lieu of commencing a civil forfeiture action against the funds;

(g)     The property is alleged to be subject to forfeiture upon the conviction of the defendant, so entry of an order is necessary to preserve and protect the property to ensure that it is available to satisfy any forfeiture judgment entered by the Court against defendant ANTONIO LOPEZ-POPOCA at the time of sentencing;

(h)     The property identified in the indictment is alleged to be subject to forfeiture pursuant to Title 21, United States Code, Section 853. Title 21, United States Code, Section 853(e), provides in pertinent part:

> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property . . . for forfeiture under this section–

(i) Because the property is in the custody of the United States, and the grand jury has determined that there is probable cause to believe that the funds in the property is subject to forfeiture, the government requests that an order be entered allowing it to maintain custody of the seized funds pursuant to 21 U.S.C. § 853(e)(1) to preserve the availability of the property for forfeiture. Section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases similar to this case, where the property in question is already in Government custody, it is not appropriate for a court to issue a seizure warrant directing the Government to seize property from itself. *See In Re: 2000 White Mercedes* ML320, 220 F.Supp. 1322 (M.D. Fla. Sept. 25, 2001) (if property is already in Government custody, no § 853(f) seizure warrant can be issued, as an order under § 853(e) would be sufficient to preserve the property);

(j) In order to ensure that the property is available for forfeiture proceedings, the United States shall maintain custody of this property. If the seized funds are transferred or concealed, it will be difficult, if not impossible, to trace the items that constitute proceeds of defendant ANTONIO LOPEZ-POPOCA narcotic trafficking activities. Further, upon entry of a forfeiture judgment, considering the character of this property, it will not be available to satisfy any forfeiture judgment entered at the time of sentencing against defendant ANTONIO LOPEZ-POPOCA.

Accordingly, it is hereby ORDERED, DIRECTED and ADJUDGED

(1) That pursuant to 21 U.S.C.§ 853(e)(1), the following property shall be maintained by the United States through the conclusion of the pending criminal case to preserve funds in the amount of $12,302 recovered from 4206 N. Moody, Chicago, Illinois so that it is available to satisfy the forfeiture liability of the defendant.

ENTER:

WILLIAM J. HIBBLER
United States District Judge

Date: 8/27/07

4